```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                      Richmond Division
```

U.S. COMMODITY FUTURES
TRADING COMMISSION,

    Plaintiff,

v.                                  Civil Action No. 3:07cv152

FOREFRONT INVESTMENTS
CORP., d/b/a CFG TRADER,

    Defendant.

**MEMORANDUM OPINION**

The defendant, Forefront Investment Corp., d/b/a CFG Trader ("Forefront"), is in receivership pursuant to a Consent Order entered on March 27, 2007 (Docket No. 14). Nonetheless, counsel for the principals of Forefront ("Forefront Principals") has filed a document entitled "Defendant Forefront Investments Corp., d/b/a CGF Trader's Motion To Dismiss" (Docket No. 30) asserting that the Court lacks subject matter jurisdiction over this action. The Receiver has filed the Receiver's Response And Request To Withdraw Motion To Dismiss (Docket No. 37). The Plaintiff, U.S. Commodity Futures Trading Commission ("CTFC") opposes the motion to dismiss.

For the reasons set forth below, the Receiver's Request To Withdraw Motion To Dismiss (Docket No. 37) will

be granted and the Defendant Forefront Investments Corp., d/b/a CGF Trader's Motion To Dismiss (Docket No. 30) will be denied.

It is highly doubtful that the Forefront Principals even have authority to file the motion to dismiss. Nonetheless, because the question of subject matter jurisdiction is raised by the motion, the Court is obligated to address the issue. As explained below, the motion to dismiss is without substantive merit.

## BACKGROUND

CFTC regulates trading in commodities futures. The Commodity Exchange Act ("CEA") requires that "each person... registered as a Futures Commission Merchant ["FCM"] shall at all times continue to meet such . . . minimum financial requirements [as prescribed by the CFTC]." 7 U.S.C. § 6f(b). Additionally, registered FCMs are required to maintain records as prescribed by CFTC regulations. 7 U.S.C. § 6f(a)(1). Pursuant to this authority, the CFTC promulgated regulations governing minimum capitalization for FCMs, see 17 C.F.R. § 1.17(a)(1), and for record keeping. 17 C.F.R. § 1.18.

In 2003, Forefront registered with the CFTC as a FCM. Not long before this action was filed, the CFTC determined that Forefront had violated the CFTC's rules respecting

minimum capitalization and record-keeping.  To remedy those circumstances and to protect Forefront's customers, the CFTC filed a Complaint against Forefront in this Court. (Docket No. 4)  The Complaint alleged <u>inter alia</u>, that Forefront had violated its obligation as a registered FCM to maintain appropriate minimum capitalization (Count One) and record-keeping (Count Two), sought to enjoin Forefront from conducting further business, and sought to place Forefront in receivership.[1]

The Court temporarily restrained Forefront from conducting any further business.  (Docket No. 9)  On March 27, the CFTC and Forefront entered into a Consent Order (Docket No. 14) and placed Forefront in receivership so that its assets could be transferred to a buyer that was appropriately capitalized.[2]  A Receiver was appointed for Forefront as part of the Consent Order.  On April 10, 2007, an Order allowing the Receiver to sell a substantial portion of Forefront's assets (Docket No. 24) and the

---

[1] The CFTC sought this relief under 7 U.S.C. § 13a-1. Forefront does not appear to challenge CFTC's ability to seek such relief, provided that the CFTC has jurisdiction over Forefront in the first place.

[2] As part of its Consent Order, the Court also stayed all entities from "taking any action" to enforce an interest on behalf of Forefront without the Court's consent.

contract of sale was approved as executed. Thereupon, the sale was consummated.

By April 23, however, the Forefront Principals apparently had a change of heart, and moved the Court for leave to file an Answer to the CFTC's original complaint. Because the Receiver had been appointed to take charge of Forefront and the motion for leave to file an Answer and the Answer purported to be on behalf of the corporation, the Court was under the impression that the Receiver had approved the filing of the motion for leave and the Answer. There was nothing in the papers to suggest that they were being filed by the Forefront Principals. The Court granted the motion for leave to file the Answer and it was filed. In the Answer, it was asserted that the Court does not have subject matter jurisdiction over this matter and the Forefront Principals moved to dismiss this action under Fed. R. Civ. P. 12(b)(1) on the ground that the Court lacks subject matter jurisdiction to hear the case, and under Fed. R. Civ. P. 12(b)(6) on grounds that the CFTC cannot state a claim because the Act does not permit it to regulate Forefront.

The CFTC disagrees. It argues that the Act does apply to Forefront, and that the CFTC does have authority to regulate Forefront. The Receiver has filed a separate

motion to withdraw the motion to dismiss for the reason that neither Forefront nor the Forefront Principals had the Receiver's permission to file the motion to dismiss.

## DISCUSSION

Forefront is in receivership and its Receiver did not authorize Forefront either to file an Answer or to move for dismissal of this action.  Pursuant to the Consent Order the decision to file an Answer or to move for dismissal must be made by the Receiver.  Because the Receiver authorized neither the filing of an Answer nor the motion to dismiss and, instead, has requested to withdraw the motion to dismiss, the motion to dismiss should be denied as moot.

However, a court has an independent obligation to be certain that it has subject matter jurisdiction over an action.  Hence, the substantive issue respecting jurisdiction that is raised in the motion to dismiss warrants consideration independent of the motion to dismiss.  As explained below, the motion to dismiss must be denied because it rests on a flawed understanding of the jurisdiction conferred on the CFTC by the CEA.

The motion to dismiss is premised on the assertion that the CFTC does not have jurisdiction over Forefront

because, although the CEA grants the CFTC authority to regulate futures transactions,[3] Forefront is not involved in futures transactions, but instead is engaged in "spot" transactions.[4]  Support for that position is said to be found in CFTC v. Zelener, 2003 U.S. Dist. LEXIS 17660 (N.D. Ill. Oct. 3, 2003) wherein the CFTC sought to enjoin the defendant on grounds that the defendants were using spot transactions to defraud customers in violation of 7 U.S.C. § 6b(a)(i) and (iii).[5]  The District Court noted that the CEA gave the CFTC authority to regulate "transactions involving contracts for sale of a commodity for future

---

[3] "A futures contract is an agreement between parties for the future delivery of a commodity at a price agreed upon today.  Its principal purpose is to transfer price risk rather than ownership of the underlying commodity.  Delivery of the commodity is possible but rare . . . ." Zelener, 2003 U.S. Dist. LEXIS 17660 at *8.

[4] "A spot transaction . . .  is a transaction for immediate delivery of a commodity.  Persons holding the commodity may experience gains or losses in its value and thus may speculate on price movements, but in contrast with futures contracts, there is no counter-party holding the opposite price risk.  A speculator who purchases and holds a commodity for the purpose of speculation also takes on the costs and risks attendant to holding a physical position, such as storage costs and the risks of theft and deterioration." Zelener, 2003 U.S. Dist. LEXIS 17660 at *9 (quotations omitted).

[5] 7 U.S.C. § 6b(a) makes it unlawful for any member of a registered entity, in connection with a transaction "of any commodity," (i) "to cheat or defraud or attempt to cheat or defraud . . . " or (iii) "willfully to deceive or attempt to deceive . . . in regard to" the transaction.

6

delivery," Zelener, 2003 U.S. Dist. LEXIS 17660 at *6 (quoting 7 U.S.C. § 2(a)(1)(A)), and held that, because spot transactions delivered possession of the good immediately, the CFTC did not have authority to regulate fraud that arose from such transactions. Id. at *15.[6] The motion to dismiss also relies on CFTC v. Erskine, 2006 U.S. Dist. LEXIS 26319 (D. Ohio 2006) wherein the court held that the CFTC did not have "jurisdiction to enforce the [spot] transactions involved in its Complaint."[7]

From Erskine and Zelener, the motion to dismiss argues that, because Forefront, too, is involved in the business of spot transactions, the CFTC does not have jurisdiction to regulate it. This argument fundamentally misunderstands the CFTC's Complaint, and its jurisdiction, in this case.

Unlike Erskine and Zelener, in this case the CFTC did not file suit to regulate transactions. Rather, the CFTC filed suit against Forefront because Forefront was a registered FCM under the CEA which requires registered FCMs to meet certain obligations that Forefront failed to meet.

---

[6] The Seventh Circuit affirmed the District Court; the question that decision dealt with on appeal was whether or not a spot transaction was a futures transaction--the Court held that it was not. See CFTC v. Zelener, 373 F.3d 861 (7th Cir. 2004).

[7] The motion to dismiss cites a third case, CFTC v. Cavalry Currencies, LLC, 437 F. Supp. 2d 453 (D. Md. 2006), but that case does not address the issue directly.

While the CFTC may have authority only to regulate <u>transactions</u> involving futures, the CFTC has jurisdiction to enforce the capitalization and record-keeping requirements against Forefront because of Forefront's <u>status</u> as a registered FCM, without regard to the type of transactions in which Forefront engages.

As the CFTC points out, the CEA provides that "[n]otwithstanding any other provisions" of the Act, "no person desiring to register" as an FCM may do so unless they meet the minimum capitalization requirements, and "each person" registered as an FCM must continue to meet those requirements. § 6f(b). Courts have held that these requirements apply to all registered FCMs, without regard to the transactions in which they actually are engaged. In <u>Premex, Inc., v. CFTC</u>, 785 F.2d 1403 (9th Cir. 1986), the CFTC sought to regulate a registered FCM for the same violation alleged here--under-capitalization. Premex argued, however, that it was not operating in the commodities market, so it was not operating as an FCM as defined by the CEA, and that therefore it was not subject to regulation by the CFTC. <u>Id.</u> at 1406 n.7. The United States Court of Appeals for the Ninth Circuit held that "this argument misperceives the statutory requirements." <u>Id.</u> The court continued that "Premex, as a registered FCM,

8

was required by law to meet minimum capitalization requirements. . . . [T]he obligation to meet the minimum financial requirements flows from the registrants status as an FCM and not from the nature of its current activities." Id.

The United States Court of Appeals for the Second Circuit, drawing in part on Premex, reached an identical conclusion. In New York Currency Research Corp. v. CFTC, 180 F.3d 83 (2d Cir. 1999), the court contrasted the language of 7 U.S.C. § 4n(3)(A), which sets forth obligations for "every commodity trading advisor and commodity pool operator registered under [the CEA]" with § 6f(b) (at issue in this case), which sets forth obligations for "each person" and "every person" registered as a FCM under the CEA. The court followed the canon of statutory interpretation, that, "[w]here particular language is found in one section of a statute, but Congress has omitted it from another section of the same statute, courts generally presume that Congress acted purposefully in what it included and what it excluded," id. at 90 (citing Russello v. United States, 464 U.S. 16, 23 (1983), and concluded from the contrast in language that in § 6f(b) (and other similarly worded parts of the CEA), "Congress imposed certain obligations on persons that arise *simply from the*

9

*act of registration itself*, *independent* of whether those persons <u>also function</u>" in other roles. <u>Id.</u> at 89 (<u>underline</u> in original, *italics* supplied).

The reasoning in <u>Premex</u> and <u>New York Currency Research</u> applies directly to this case. The plain language, which obliges all "persons" who register as FCMs to comply with certain requirements, certainly applies to Forefront. Further, to draw from <u>New York Currency Research</u>'s reasoning, if Congress had meant to have the CFTC regulate only registered FCMs who were involved in futures transactions, it rather easily could have placed such language in § 6f(b).[8] As <u>New York Currency Research</u> shows, Congress rather clearly did this in other potions of the CEA. Congress, however, did not add such narrowing language to § 6f(b). The rather inescapable conclusion is that Congress meant the capitalization and records-keeping requirements to apply to <u>all</u> "persons" who registered as FCMs, without regard to the type of transactions they were conducting.

Here, the CEA obliges Forefront, as a "person" that is registered as an FCM, to maintain a certain capitalization and to keep certain records, regardless of its business

---

[8] For instance, "every person registered as an FCM and who engages in futures transactions shall. . . ."

10

activities.  The CFTC has concluded that Forefront has not met these obligations, and has sought from this Court relief that it is entitled to seek when a registered FCM does not meet its obligations.  Under § 6f(b), the CFTC has authority to do just that.[9]

### CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant Forefront Investments Corp., d/b/a CFG Trader's Motion To Dismiss (Docket No. 30) is denied.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.

```
              _____/s/_____
              Robert E. Payne
              Senior United States District Judge
```

Richmond, Virginia
Date: July 25, 2007

---

[9] The reply brief argues that giving the CFTC jurisdiction in this case would render the CEA unconstitutionally vague.  The argument is neither supported by authority nor even developed.  It will not be addressed.