IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

U.S. COMMODITY FUTURES
TRADING COMMISSION,

    Plaintiff,

v.                                    Civil Action No. 3:07cv152

FOREFRONT INVESTMENTS CORP.,
d/b/a CFG TRADER,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the Defendant Forefront Investment Corp., d/b/a CFG Trader's Motion To Vacate The Consent Order For Preliminary Injunction With Asset Freeze (Docket No. 47). For the reasons set forth below, the motion is denied.

**BACKGROUND**

On March 27, 2007, the U.S. Commodity Futures Trading Commission ("Commission") filed a Complaint against the defendant Forefront Investment Corp. d/b/a CGF Trader ("Forefront") alleging violations of the Commodities Exchange Act (the "Act" or "CEA"). On March 27, 2007, Forefront, through counsel, consented to entry of a preliminary injunction with an asset freeze and agreed to the appointment of a Receiver and a Receiver was appointed. Subsequently, purporting to act for Forefront, counsel for the principals of Forefront filed a motion to dismiss the action. During the hearing on that motion, and in response to a pleading

filed by the Receiver, the Court questioned whether counsel for the principals of Forefront was authorized to make the motion to dismiss without first seeking the consent and approval of the Receiver. Briefing was thereafter ordered on that question.

In response, the principals of Forefront filed a Motion To Vacate The Consent Order For Preliminary Injunction With Asset Freeze purportedly in the name of the Forefront. Having reviewed all of the appropriate pleadings, the Motion To Vacate The Consent Order For Preliminary Injunction With Asset Freeze (Docket No. 47) is denied.

## DISCUSSION

By a Consent Order For Preliminary Injunction With Asset Freeze (the "Consent Order") entered on March 27, 2007, the Court appointed the Receiver. The Consent Order established the role and authority of the Receiver. All parties agreed to that authority which included the Receiver's participation in, the control of, and the defense of Forefront against the underlying claims asserted by the Commission in this action.

There is no question that, pursuant to the provisions of 7 U.S.C. § 13-a1, et seq., the Court is authorized and, indeed, required to issue a permanent or temporary injunction or restraining order without bond upon a proper showing. Further, when a proper showing is made (and one was made here that Forefront failed to meet the net capitalization requirements), the Court has

2

broad authority and discretion to fashion appropriate relief. Commodities Futures Trading Comm'n v. Heffernan, 274 F.Supp.2d 1375, 1379 (S.D. Ga. 2003) (quoting CFTC v. Muller, 570 F.2d 1296, 1300 (5th Cir. 1978).

Clearly, the Court had the authority to enter the Consent Order and preliminary injunction. Moreover, Forefront and its principals agreed to the entry of that Consent Order.

The Consent Order affords the Receiver complete authority over Forefront including, and without limitation, the conduct of the defense of this action. That is made clear by the plain language of the Consent Order in Section V, ¶¶ B, 1, 2, 8, 9 and 10. The Receiver has broad powers to act as necessary in running the affairs of Forefront and to defend the company. Additionally, the Receiver has the authority to eschew or limit the defense of the company upon a determination that, to do so, is not in the best interest of the company and that doing so will result in a waste of the company's assets.

It is true, as the principals argue in the motion presently under consideration, that the Court permitted the filing of certain pleadings by counsel who originally represented Forefront. However, as had been made clear in previous Orders and on the record, the Court, at the time, was under the impression that said counsel had the permission of the Receiver to file the pleadings for which consent was given. It has since been made clear that the

Receiver gave no such consent and that the Court was under a misimpression. The Court certainly would not have allowed the filing of any such pleading had the Court been advised that the Receiver had not authorized the filing.

So that the record is perfectly clear, the Receiver and only someone authorized by the Receiver may file appropriate pleadings on behalf of Forefront in this action. If the principals wish to intervene in this action, they may retain their own counsel and file appropriate pleadings seeking leave to intervene and demonstrating justification therefor. However, former counsel for Forefront may not, under the guise of acting for Forefront, file pleadings that are in the interest of, and advance the interest of, the principals of Forefront.

It is further argued that the preliminary injunction and the receivership is no longer necessary. The record in this case demonstrates convincingly that not to be the case. Contrary to the argument of the principals of Forefront, it has not been established that the sale of Forefront's customer assets has made its customers whole. Moreover, it has not been shown that the creditors of Forefront have been made whole. Indeed, the Receiver is in the process of identifying the company's liabilities and ascertaining the extent to which they can be satisfied.

**CONCLUSION**

For the foregoing reasons, Defendant Forefront Investment Corp., d/b/a CFG Trader's Motion To Vacate The Consent Order For Preliminary Injunction With Asset Freeze (Docket No. 47) is denied.

The facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record and to counsel for the principals of Forefront.

It is so ORDERED.

/s/
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 22, 2007